IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TREK ARMOR INC.<br>d/b/a BARTACT, INC.,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>FCA US, LLC<br><br>　　　　　　　Defendant. | Case No. 2:23-cv-12894-GCS-APP<br><br>Honorable George C. Steeh<br>Magistrate Judge Anthony P. Patti<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANT FCA US LLC'S ANSWER AND DEFENSES TO PLAINTIFF TREK ARMOR INC.'S FIRST AMENDED COMPLAINT

Defendant FCA US LLC ("FCA"), by and through the undersigned attorneys, hereby responds by way of Answer and Defenses to the First Amended Complaint ("Complaint") of Plaintiff Trek Armor Inc. d/b/a Bartact, Inc. ("Bartact" or "Plaintiff") as follows:

### NATURE OF THE ACTION

1. FCA admits that this is a patent infringement action and that it involves U.S. Patent Nos. 10,308,301 ("'301 patent"), 11,794,836 ("'836 patent"), and 11,891,142 ("'142 patent") (collectively, the "Asserted Patents"). FCA further

1

admits that Exhibits A, B, and C appear to be copies of the '301, '836, and '142 patents. FCA denies any alleged infringement of the Asserted Patents.

2. Upon information and belief, FCA admits that Bartact's Complaint seeks injunctive relief and monetary damages.

## THE PARTIES

3. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

4. FCA admits the allegations in this paragraph.

5. FCA admits the allegations in this paragraph.

## JURISDICTION AND VENUE

6. FCA references and incorporates by reference all preceding paragraphs of this Answer.

7. The allegations of this paragraph are legal conclusions that do not require a response from FCA. To the extent the allegations require a response, FCA admits that the Complaint purports to set forth an action under 35 U.S.C. §§ 271, 281, and 284–85 and that the Eastern District of Michigan Court has subject matter jurisdiction for civil actions for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a). FCA denies any remaining allegations in this paragraph.

8. This paragraph of the Complaint states a legal conclusion and does not require a response from FCA.  To the extent a response is required, FCA admits venue is proper in this district, but denies that it has committed acts of infringement.

9. This paragraph of the Complaint states legal conclusions and does not require a response from FCA.  To the extent a response is required, FCA admits that this Court has personal jurisdiction over FCA.

10. FCA admits that it conducts business in the Eastern District of Michigan.  FCA denies that it has committed acts of infringement in this District, and denies any remaining allegations in this paragraph.

11. FCA admits the allegation in this paragraph.

12. FCA denies the allegations in this paragraph.

### **BARTACT PRESENTS ITS INVENTIONS TO JEEP**

13. FCA references and incorporates by reference all of the preceding paragraphs of this Answer.

14. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

15. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

16. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

17. FCA admits that U.S. Provisional Patent Application No. 62/249,349 is entitled "Vehicle Seat With Storage Capacity," but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

18. FCA admits the allegations in this paragraph.

19. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

20. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

21. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

22. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

23. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

24. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

25. FCA denies the allegations in this paragraph.

26. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

## THE ACCUSED PRODUCTS

27. FCA references and incorporates by reference all of the preceding paragraphs of this Answer.

28. FCA denies the allegations in this paragraph.

29. FCA denies the allegations in this paragraph.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,308,301

30. FCA references and incorporates by reference all of the preceding paragraphs of this Answer.

31. FCA admits that the face of the '301 patent states that it was granted by the United States Patent and Trademark Office on June 4, 2019 from Application No. 15/341,790.  FCA admits that a purported copy of the '301 patent is attached as Exhibit A.  FCA is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

32. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

33. This paragraph of the Complaint states legal conclusions and does not require a response from FCA.  To the extent a response is required, FCA denies the allegations set forth in this paragraph.

34. FCA denies the allegations set forth in this paragraph of the Complaint.

35. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

36. FCA denies the allegations in this paragraph.

37. FCA denies the allegations in this paragraph.

38. FCA admits that it sells vehicles with seats, but otherwise denies the remaining allegations in this paragraph.

39. FCA denies the allegations in this paragraph.

40. FCA denies the allegations in this paragraph.

41. FCA denies the allegations in this paragraph.

42. FCA denies the allegations in this paragraph.

43. FCA denies the allegations in this paragraph.

44. FCA denies the allegations in this paragraph.

45. FCA denies the allegations in this paragraph.

46. FCA denies the allegations in this paragraph.

47. FCA denies the allegations in this paragraph.

48. FCA denies the allegations in this paragraph.

49. FCA denies the allegations in this paragraph.

50. FCA denies the allegations in this paragraph.

51. FCA denies the allegations in this paragraph.

52. FCA denies the allegations in this paragraph.

53. FCA denies the allegations in this paragraph.

54. FCA denies the allegations in this paragraph.

55. FCA denies the allegations in this paragraph.

56. FCA denies the allegations in this paragraph.

57. FCA denies the allegations in this paragraph.

58. FCA denies the allegations in this paragraph.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 11,794,836**

59. FCA references and incorporates by reference all of the preceding paragraphs of this Answer.

60. FCA admits that the face of the '836 patent states that it was granted by the United States Patent and Trademark Office on October 24, 2023 from Application No. 18/217,322.  FCA admits that a purported copy of the '836 patent is attached as Exhibit B.  FCA is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

61. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

62. FCA denies the allegations in this paragraph.

63. FCA denies the allegations in this paragraph.

64. FCA denies the allegations in this paragraph.

65. FCA denies the allegations in this paragraph.

66. FCA denies the allegations in this paragraph.

67. FCA admits that it sells vehicles with seats, but otherwise denies the remaining allegations in this paragraph.

68. FCA denies the allegations in this paragraph.

69. FCA denies the allegations in this paragraph.

70. FCA denies the allegations in this paragraph.

71. FCA denies the allegations in this paragraph.

72. FCA denies the allegations in this paragraph.

73. FCA denies the allegations in this paragraph.

74. FCA denies the allegations in this paragraph.

75. FCA denies the allegations in this paragraph.

76. FCA denies the allegations in this paragraph.

77. FCA denies the allegations in this paragraph.

78. FCA denies the allegations in this paragraph.

79. FCA denies the allegations in this paragraph.

80. FCA denies the allegations in this paragraph.

81. FCA denies the allegations in this paragraph.

82. FCA denies the allegations in this paragraph.

83. FCA denies the allegations in this paragraph.

84. FCA admits the allegations in this paragraph.

85. FCA denies the allegations in this paragraph.

86. FCA denies the allegations in this paragraph.

87. FCA denies the allegations in this paragraph.

88. FCA denies the allegations in this paragraph.

89. FCA denies the allegations in this paragraph.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 11,891,142**

90. FCA references and incorporates by reference all of the preceding paragraphs of this Answer.

91. FCA admits that the face of the '142 patent states that it was granted by the United States Patent and Trademark Office on February 6, 2024 from Application No. 18/382,943. FCA admits that a purported copy of the '142 patent is attached as Exhibit C. FCA is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in this paragraph of the Complaint and therefore denies those allegations.

92. FCA is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint and therefore denies those allegations.

93. FCA denies the allegations in this paragraph.

94. FCA denies the allegations in this paragraph.

95. FCA denies the allegations in this paragraph.

96. FCA denies the allegations in this paragraph.

97. FCA denies the allegations in this paragraph.

98. FCA denies the allegations in this paragraph.

99. FCA admits that it sells vehicles with seats, but otherwise denies the remaining allegations in this paragraph.

100. FCA denies the allegations in this paragraph.

101. FCA denies the allegations in this paragraph.

102. FCA denies the allegations in this paragraph.

103. FCA denies the allegations in this paragraph.

104. FCA denies the allegations in this paragraph.

105. FCA denies the allegations in this paragraph.

106. FCA denies the allegations in this paragraph.

107. FCA denies the allegations in this paragraph.

108. FCA denies the allegations in this paragraph.

109. FCA denies the allegations in this paragraph.

110. FCA denies the allegations in this paragraph.

111. FCA denies the allegations in this paragraph.

112. FCA denies the allegations in this paragraph.

113. FCA denies the allegations in this paragraph.

114. FCA denies the allegations in this paragraph.

115. FCA denies the allegations in this paragraph.

116. FCA denies the allegations in this paragraph.

117. FCA admits the allegations in this paragraph.

118. FCA denies the allegations in this paragraph.

119. FCA denies the allegations in this paragraph.

120. FCA denies the allegations in this paragraph.

121. FCA denies the allegations in this paragraph.

122. FCA denies the allegations in this paragraph.

## **JURY DEMAND**

123. Bartact's demand for a jury trial includes no allegations and, therefore, no response is required.

## **PRAYER FOR RELIEF**

124. FCA denies that Bartact is entitled to any of the relief requested in paragraphs (a) through (g) of its Prayer for Relief or to any relief in any form whatsoever from FCA.

## **DEFENSES**

125. FCA asserts the following defenses and in asserting such defenses does not concede that it bears the burden of proof as to any of them. Discovery has not yet begun, and therefore FCA has not yet collected and reviewed all of the information and materials that may be relevant to the matters and issues raised

herein. Accordingly, FCA reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this case.

## FIRST DEFENSE: INVALIDITY

126. One or more claims of the '301 patent, '836 patent, and '142 patents (collectively "asserted patents") are invalid for failure to satisfy the requirements of patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## SECOND DEFENSE: NON-INFRINGEMENT

127. FCA does not infringe and has not infringed, willfully or otherwise, any valid claim of the asserted patents under any theory of infringement, including direct infringement, induced infringement, contributory infringement, joint infringement, literal infringement, or infringement under the doctrine of equivalents.

## THIRD DEFENSE: LICENSE AND/OR PATENT EXHAUSTION

128. To the extent that one or more of FCA's suppliers hold a license or other rights to the asserted patents and supplies licensed components and/or parts for assembly of or assembly into the accused products, Bartact's claims would be barred.

## FOURTH DEFENSE: MARKING AND NOTICE

129. To the extent that Bartact and/or any licensee of the asserted patents had an obligation and failed to mark products that fall within the claims of the

asserted patents, Bartact's claims against FCA would be barred, in whole or in part, in accordance with 35 U.S.C. § 287.

### FIFTH DEFENSE: FAILURE TO STATE A CLAIM

130. Bartact fails to state a claim against FCA upon which relief can be granted. FCA cannot be liable for indirect infringement of the '301 patent before its receipt of the April 2021 letter, at least because FCA did not have notice of the '301 patent before that time. FCA cannot be liable for indirect infringement after its receipt of the April 2021 letter and Complaint, filed on November 14, 2023, at least because the April 2021 letter and Complaint do not put FCA on sufficient notice of any alleged infringement. FCA cannot be liable for indirect infringement of the '836 patent before the filing of the Original Complaint on November 14, 2023 , at least because FCA did not have notice of the '836 patent before that time. FCA cannot be liable for indirect infringement of the '142 patent before the filing of the First Amended Complaint on February 8, 2023 , at least because FCA did not have notice of the '142 patent before that time.

131. To the extent Bartact alleges that FCA has indirectly infringed and/or continues to indirectly infringe the Asserted Patents under 35 U.S.C. § 271(b) or (c), Bartact has failed to plead any facts that, if true, could render FCA liable for indirect patent infringement.

## SIXTH DEFENSE: PROSECUTION HISTORY ESTOPPEL

132. Bartact's claims for relief are barred, in whole or in part, by prosecution history estoppel based on statements, representations, and admissions made during the prosecution before the U.S. Patent Office of the patent applications that led to the asserted patents.

## SEVENTH DEFENSE: WAIVER, ESTOPPEL, AND UNCLEAN HANDS

133. Bartact's claims against FCA are barred, in whole or in part, by one or more of the equitable doctrines of waiver, estoppel, and unclean hands because of Bartact's unreasonable and inexcusable delay in filing this litigation and/or its intervening actions both during prosecution of the asserted patents and between issuance of the asserted patents and the date of the filing of the Complaint.

134. Despite that FCA and its predecessors have sold and publicly marketed the accused products for several years, Bartact made no assertion of any claim against FCA until, at the earliest, FCA received the Bartact's April 2021 letter.

135. FCA has been materially prejudiced by Bartact's delay in bringing its claim at least because the passage of so much time has potentially led to the loss of evidence that FCA could use in defending itself against Bartact's claims.

## EIGHTH DEFENSE: LIMIT ON DAMAGES

136. Bartact's claims for damages, if any, against FCA for alleged infringement of the asserted patents are limited by 35 U.S.C. §§ 286 and/or 288.

## NINTH DEFENSE: INEQUITABLE CONDUCT, UNCLEAN HANDS, AND INFECTIOUS UNENFORCEABILITY

137. Each of the claims of the '836 and '142 patents is unenforceable as a result of the inequitable conduct on the part of the Bartact's employees and prosecuting attorney during prosecution of the '836 patent before the United States Patent and Trademark Office ("USPTO").

138. Upon information and belief, Bartact's employees and the prosecuting attorney for the '836 patent, Jason Conway, failed to comply with their duty of candor and good faith by a knowing and deliberate failure to disclose noncumulative material prior art to the USPTO during the prosecution of the '836 patent.

139. On August 11, 2021, in response to an April 2021 letter from Bartact regarding Bartact's '301 patent, FCA informed Bartact via a letter to its prosecuting attorney that U.S. Patent No. 10,144,315 ("the '315 patent") was relevant to and would invalidate Bartact's '301 patent claims.

140. Subsequently, on June 30, 2023, Bartact and its prosecuting attorney filed the '836 patent application. Bartact's '836 patent application is a

continuation of, shares a specification with, and claims common subject matter as Bartact's '301 patent.

141. Accordingly, prior to the filing of the application of the '836 patent, the employees at Bartact and Bartact's prosecuting attorney were aware and on notice of the '315 patent, and the manner in which it was material and non-cumulative prior art to the subject matter of the '836 patent.

142. Neither Bartact nor its prosecuting attorney disclosed the '315 patent to the USPTO at any time during prosecution of the '836 patent.

143. Accordingly, the Bartact's employees and prosecuting attorney did not abide by their duty to disclose information material to patentability during prosecution under 37 C.F.R. § 1.56.

144. Upon information and belief, at least Bartact's employees and its prosecuting attorney withheld this noncumulative material information from the USPTO with the specific intent to deceive the USPTO, which would not have allowed any claim of the '836 patent if it had been aware of the undisclosed '315 patent prior art. There is no plausible explanation for withholding the '315 patent from the USPTO other than to secure the allowance of the '836 patent.

145. The claims of the '142 patent are unenforceable under the doctrine of infectious unenforceability based on inequitable conduct committed during prosecution of the '836 patent. The '142 patent issued from U.S. Application No.

18/382,943 which a continuation of U.S. Application No. 18/217,322 that issued as the '836 patent. The specification of the '142 patent is duplicative of the '836 patent specification, and Bartact has accused the same products of infringing both the '836 and '142 patents.

146. As discussed above, the claims of the '836 patent are unenforceable based on inequitable conduct. This inequitable conduct bears an immediate and necessary relation to enforcement of the child '142 patent because the inequitable conduct relates to the subject matter recited in the asserted claims.

147. In view of the above, the claims of the '836 and '142 patents are unenforceable.

## **PRAYER FOR RELIEF**

WHEREFORE, FCA respectfully requests the following relief:

    a.    That Bartact take nothing by reasons of its Complaint;

    b.    That the Court find and declare that FCA has not and does not infringe in any manner any valid, asserted claim of the asserted patents;

    c.    That the Court find and declare that the asserted claims of the asserted patents are invalid, void, and without force or effect against FCA and its officers, employees, agents, and attorneys;

    d.    That the Court award FCA its costs and disbursements in this action;

  e. That the Court declare this case exceptional pursuant to 35 U.S.C. § 285 and award FCA its reasonable attorneys' fees and costs in this action; and

  f. That the Court award to FCA such other and further relief to which it may be entitled.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure FCA respectfully demands a jury trial of all issues triable to a jury in this action.

Dated: February 22, 2024      Respectfully Submitted,

                By: */s/ Frank C. Cimino, Jr.*

| | |
|---|---|
| Frank C. Cimino, Jr. | Patrick G. Seyferth (P47575) |
| Megan S. Woodworth | Susan M. McKeever (P73533) |
| Jonathan L. Falkler | BUSH SEYFERTH PLLC |
| Robert C. Tapparo | 100 W. Big Beaver Road, Suite 400 |
| VENABLE LLP | Troy, MI 48084 |
| 600 Massachusetts Avenue, NW | (248) 822-780 |
| Washington, DC 20001 | seyferth@bsplaw.com |
| (202) 344-4569 | mckeever@bsplaw.com |
| FCCimino@Venable.com | |
| MSWoodworth@Venable.com | |
| JLFalkler@Venable.com | |
| RCTapparo@Venable.com | *Attorneys for FCA US LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2024, I electronically filed the foregoing instrument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Frank C. Cimino, Jr.*
Frank C. Cimino, Jr.
